United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

05IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 04-40883
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ELMER IVAN GARTH DAVINSON-CANALES,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-207-ALL
--------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Elmer Ivan Davinson-Canales appeals his sentence imposed following his guilty plea conviction for illegal reentry following deportation. He argues that, if Almendarez-Torres v. United States, 523 U.S. 224 (1998) is overruled, his sentence imposed under 8 U.S.C. § 1326(b) would be unconstitutional and he would be entitled to be resentenced to the penalty for a lesser included offense. Davinson correctly acknowledges that Almendarez-Torres has not been overruled and that this argument

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

is foreclosed, but he seeks to preserve the issue for possible Supreme Court review. See Almendarez-Torres, 523 U.S. at 247 (1998); Apprendi v. New Jersey, 530 U.S. 466, 489-90 (2000); United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

Davinson next asserts that he should be resentenced in light of United States v. Booker, 125 S. Ct. 738 (2005) because he was sentenced under the mandatory guideline system. He concedes that his argument is subject to plain error review, but contends that he is not required to show prejudice because the error was structural and insusceptible of harmless error analysis.

This court has rejected Davinson's argument that a Booker error or the application of the then mandatory guidelines is a structural error or is presumptively prejudicial. See United States v. Mares, 402 F.3d 511, 520 (5th Cir. 2005), petition for cert. filed (Mar. 31, 2005) (No. 04-9517); see also United States v. Malveaux, 411 F.3d 560-61 n.9 (5th Cir. 2005), petition for cert. filed (July 11, 2005) (No. 05-5297). We review for plain error. United States v. Valenzuela-Quevedo, 407 F.3d 728, 732-33 (5th Cir. 2005), petition for cert. filed (July 25, 2005) (No. 05-5556). The "application of the Guidelines in their mandatory form constitutes error that is plain." Id. at 733. To demonstrate an effect on his substantial rights, Davinson bears the burden of showing that the plain error he has identified "'affected the outcome of the district court proceedings.'" Id. (quoting United States v. Olano, 507 U.S. 724, 734 (1993)).

Davinson has not pointed to anything in the record indicating that the district court would have imposed a lesser sentence under an advisory scheme. See Mares, 402 F.3d at 521. He has thus failed to demonstrate that his substantial rights were affected, and his sentence is AFFIRMED.